SAM SCARNATO, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 28192.)— This matter first came before this court on an appeal from a judgment of the Court of Claims in favor of the State of New York which dismissed claimant's claim. The judgment was reversed (272 App. Div. 1085) with a statement as follows: " The Court adopts the determination of the Court of Claims insofar as claimant's requests to find are found by the Court of Claims, and further makes the findings requested by claimant in his requests to find and which were refused by the Court of Claims, except as to the amount of damages claimed by claimant." And the matter was remitted to the Court of Claims for the fixing of damages. The Court of Claims awarded claimant a judgment for $50,000 against the State of New York. By error, as we now determine, findings of fact Nos. 81, 82, 83, 84 and 85, which involved damages, were included in the order of this court. These findings are now excluded and the same are deleted from the judgment of reversal earlier entered. In the interests of time and to obviate the necessity of further appeals the court now modifies its earlier decision, on the law and facts, and fixes the damages suffered by claimant at the sum of $25,000. The court makes the following finding of fact: Claimant suffered damages through the negligence of the State of New York as appears in the findings herein in the sum of $25,000. Judgment of the Court of Claims modified on the law and facts by granting claimant a judgment for $25,000 against the State of New York, and as so modified, affirmed, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur.

FRANK GRAZIANO, Respondent, v. ROBERT BELL et al., Appellants.— Plaintiff has recovered a judgment of $5,000 against the defendants for damages suffered on account of negligence. The action was brought for $2,500 and at the term of court whereat this case was ultimately tried in the first instance an inquest was taken and plaintiff awarded a judgment of $2,500. This was set aside and after the jury was drawn in this case the attorney for the plaintiff moved and was permitted, in the presence of the trial panel, to amend his complaint raising the claim for damages to $5,000. Judgment and order reversed, on the law and facts, and a new trial granted, without costs. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur.

LAURIE J. CARPENTER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28296.) — Appeal from an order of the Court of Claims dismissing the claimant's claim for damages arising out of alleged fraud, irregularities, torts and misfeasance on the part of the State and its officers and employees in the handling of a workmen's compensation matter. The evidence fails to substantiate the claim. Moreover, the acts complained of took place some ten or twenty years ago and any rights which the claimant may have had have long since been foreclosed by the Statute of Limitations. (Court of Claims Act, § 10; L. 1939, ch. 860.) Order affirmed, without costs. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ. [See *post,* p. 1041.]